MARCY MIEKO K. HAINES, nka MARCY M. KAWASAKI, Plaintiff-Appellee,
v.
CHRISTOPHER X. HAINES, Defendant-Appellant.
No. 28344
Intermediate Court of Appeals of Hawaii.
January 22, 2009.
On the briefs:
John C. Bryant, Jr., Catherine H. Remigio, for Defendant-Appellant.
Wendell H. Fuji, Clifford K. Higa, Lauren U. Van Buren, for Plaintiff-Appellee

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, NAKAMURA, and FUJISE, JJ.
Defendant-Appellant Christopher X. Haines (Christopher) appeals from the "Order Granting Plaintiff's Motion for Order of Clarification of Divorce Decree" (Family Court Order), which was entered by the Family Court of the First Circuit (family court) on December 11, 2006.[1]
The Family Court Order was prompted by a dispute over whether the Circuit Court of the First Circuit (circuit court) or the family court had jurisdiction over a complaint filed in circuit court against Christopher by his ex-wife. Plaintiff-Appellee Marcy Mieko K. Haines, nka Marcy M. Kawasaki (Kawasaki), and Kawasaki's current husband, Mark Morita (Morita). The complaint alleged breach of contract by Christopher relating to Christopher's sale of his interest in the former marital residence to Kawasaki and Morita. The complaint also alleged that Christopher was unjustly enriched as a result of the asserted breach of contract.
Christopher moved to dismiss the complaint, arguing that the family court has exclusive jurisdiction over the dispute. The circuit court stayed the proceedings to give the parties the opportunity to seek clarification from the family court over whether the family court intended to retain exclusive jurisdiction over the former marital residence and whether the family court believed it was the appropriate forum to decide the complaint. In issuing the Family Court Order, the family court answered both these questions in the negative.
On appeal, Christopher contends that the family court erred in: 1) determining that it was divested of jurisdiction over issues related to the former marital residence; 2) determining that it did not intend to retain exclusive jurisdiction over disputes regarding the former marital residence; 3) finding that the water intrusion problem affecting the former marital residence has not been cured; and 4) determining that it is not the appropriate forum to adjudicate the claims raised in the complaint. We affirm.

I.
Christopher and Kawasaki were married on August 12, 1983. In August 1999, they entered into an Agreement in Contemplation of Divorce (AICD), which was incorporated into their divorce decree filed on September 20, 1999. The AICD addressed the disposition of the marital residence and provided for Christopher or Kawasaki to buy out the other party or for Christopher and Kawasaki to sell the property to a third party.
In April 2000, Kawasaki offered to buy Christopher's interest in the former marital residence pursuant to a letter agreement, and Christopher accepted the offer. The letter agreement incorporated the AICD and divorce decree by reference. As part of the letter agreement, the parties agreed that certain work was necessary to bring the former marital residence to a marketable condition prior to closing, including making "repairs or improvements as necessary to prevent water intrusion and flooding of the ground floor of the dwelling." The parties agreed to contribute equally to the cost of this work. Pursuant to the letter agreement, Kawasaki and Morita purchased Christopher's interest in the former marital residence, and a warranty deed transferring title to the property to Kawasaki and Morita was filed in the Bureau of Conveyances in May 2000.
On April 4, 2006, Kawasaki and Morita filed a complaint for breach of contract and unjust enrichment against Christopher in circuit court. The complaint alleged that Christopher had breached the letter agreement by: 1) failing to cure the water intrusion problems at the former marital residence; and 2) failing to reimburse Kawasaki and Morita for one-half of the construction costs they incurred in an attempt to cure the water intrusion problems. Christopher moved to dismiss the complaint for lack of subject-matter jurisdiction, arguing that the family court intended to retain jurisdiction over the dispute raised by the complaint. Kawasaki and Morita opposed the motion, arguing that the circuit court had subject matter jurisdiction.
As noted, the circuit court stayed the proceedings to permit the parties to seek clarification from the family court over whether the family court: 1) intended to retain exclusive jurisdiction over the former marital residence; and 2) believed it was the appropriate forum to decide the complaint. The family court answered both these questions in the negative.

II.
The pivotal question raised in this appeal is whether the family court has exclusive jurisdiction over the dispute raised in the complaint filed against Christopher. If the family court does not have exclusive jurisdiction over this dispute, then the family court did not err in declining to exercise jurisdiction over the complaint.
Christopher argues that the family court has exclusive jurisdiction over the complaint pursuant to Hawaii Revised Statutes (HRS) § 580-1 (2006). We disagree.
HRS § 580-1 confers upon the family court " [e]xclusive original jurisdiction in matters of annulment, divorce, and separation." Here, the complaint filed in circuit court alleges a breach of the letter agreement that was not part of, and was executed after, the AICD and divorce decree. The complaint seeks to enforce a provision of the letter agreement calling for the repair of water intrusion problems that were not mentioned in the AICD or the divorce decree. We conclude that the breach-of-contract and unjust-enrichment claims raised in the complaint are not matters of "annulment, divorce, [or] separation" that fall within the exclusive jurisdiction of the family court. Accordingly, the circuit court, which has jurisdiction over civil actions and proceedings unless precluded by statute, has jurisdiction over the complaint. HRS § 603-21.5(3) (Supp. 2007) .
The record does not support Christopher's claim that the family court is the more appropriate forum to decide the complaint. The complaint raises what appears to be ordinary breach-of-contract and unjust-enrichment claims. The circuit court is fully capable of deciding these types of claims.
Christopher contends that the family court misapplied HRS § 580-56(d) (2006) and Torres v. Torres, 100 Hawai'i 397, 60 P.3d 798 (2002), in rendering its decision. We need not resolve this contention because it does not affect our conclusion that the family court does not have exclusive jurisdiction over the complaint. We will not overturn a decision of the family court that is correct, even if the family court gave the wrong reason for its ruling. Kawamata Farms Inc. v. United Agri Products, 86 Hawai'i 214, 251, 948 P.2d 1055, 1092 (1997); Standard Mgmt.. Inc. v. Kekona, 99 Hawai'i 125, 131 n.9, 53 P.3d 264, 270 n.9 (App. 2001). We likewise need not resolve Christopher's claim that the family court erred in finding that the water intrusion problem affecting the former marital residence has not been cured. We conclude that any error in the family court's finding was harmless because it had no bearing on whether the family court has exclusive jurisdiction over the complaint.

III.
The "Order Granting Plaintiff's Motion for Order of Clarification of Divorce Decree," which was filed by the family court on December 11, 2006, is affirmed.
NOTES
[1] The Honorable Christine E. Kuriyama presided over the family court proceedings relevant to this appeal.